The plaintiff declared on the following covenant: "State of North Carolina, Surry County, August 2d 1842. This is to certify that I, Thomas Rowland, did find in the possession of Philip Holcomb a negro woman by the name of Mary, formerly the property of Mary Rowland, dec'd., and the said negro Mary now belongs to him: and the sole right of said negro Mary is in him as administrator of Mary Rowland, dec'd., and no other person; and if the said right proves not to be so, the said Thomas Rowland agrees to deliver the said negro Mary and increase, to the said Holcomb, or his order, or pay the value of said negro to the said Holcomb, his heirs or assigns: the above given under my hand and seal, this the day and date above written.
 (Signed) THOMAS ROWLAND, [SEAL.] his Witness, Wm. X Mony. mark. *Page 220 
The plaintiff assigned the following breaches:
1st. That the sole title was not in the covenantor, for that there was a co-administrator with the defendant on the estate of Mary Rowland, who had a joint interest with the defendant, to wit, on Thomas Rowland, Sen'r.
2nd. That at the time of the execution of this covenant, the title was in the plaintiff's intestate, Philip Holcomb.
3rd. That some time after the defendant got possession of the slave Mary, she was taken out of his possession, by the children of Edith Mann, and that one or more law-suits were commenced, and, after several years' litigation, were compromised by the parties, the slave and her offspring sold, and the money arising from the sale, divided between the parties to the suit.
To establish the first breach, plaintiff introduced proof of letters of administration by the County Court of Montgomery County, to Thomas Rowland, Sen'r., and that he was alive at the date of the covenant, living in the State of Tennessee.
On the second breach, the plaintiff read in evidence a deed of conveyance, made by Mary Rowland, on 29th of June, 1839, to her daughter Edith Mann, for the slave in question; also a deed for the same from her to her son, Rowland Mann, dated 11th of November, 1841; also, a deed for the same, from him to Philip Holcomb, dated 14th of November, 1841.
On the third breach assigned, the plaintiff offered evidence of suits, brought by defendant against some of the children of Edith Mann, who asserted title to the slaves, which were compromised by the parties, the slaves sold, and that the money was divided between the parties.
The defendant offered testimony to show that the deed from Mary Rowland to Edith Mann, for the want of mental capacity in the bargainor, was void.
The defendant further offered in evidence a deed for the same slave, from Edith Mann, to himself and Thomas Rowland, Sen'r., administrators of Mary Rowland, dated 4th of March, 1840, releasing to them all her right in the slave in question.
There was evidence, also, that Thomas Rowland, Sen'r., *Page 221 
defendant's co-administrator, lived in the State of Tennessee when these letters were taken out, had resided there ever since, and had never interfered in the management of the property of Mrs. Rowland.
Much testimony was offered by both parties as to the mental capacity of Mary Rowland.
On the part of the plaintiff, it was alleged that the deed from Edith Mann to the defendant and Thomas Rowland, Sen'r., was void, because the said Edith did not know the contents of the deed when she signed it, and evidence to that effect was heard.
Among the witnesses offered by the defendant, were two of the grand-sons of Mary Rowland, whose father was dead, and who were interested in the estate of Mary Rowland. These witnesses executed releases to the defendant. The plaintiff still objected, as they were liable for costs, but they were admitted; for this plaintiff excepted.
The Court charged the jury, that their first inquiry was as to the validity of the instrument, executed by Mary Rowland to Edith Mann; and if they should believe that Mrs. Rowland had not capacity to make a valid instrument, they should find for the defendant as the title to the slave still remained in her and passed to her representatives, so that, in that case, there would be no breach.
But if they should find that Mary Rowland had capacity to make the instrument, then the next enquiry would be, as to the deed made by Edith Mann to the administrators; and as to this, his Honor charged, that, if Edith Mann did not know the contents of the paper, or that she was imposed on by false representations, and executed one paper, when she thought she was executing another, they should find for the plaintiff, and give him damages for the value of the slaves in controversy; otherwise they should find for the defendant.
The Court further charged the jury that the point of enquiry between the parties was this: at the date of the covenant, on the 2nd of August, 1842, was the title to the slave in question, in the personal representatives of Mary Rowland, deceased? *Page 222 
If it was, there was no breach, although at that time the co-administrator of defendant was living. Nor was there a breach of the covenant although the defendant compromised his suits with the children of Edith Mann. Plaintiff's counsel excepted to this charge.
Verdict for defendant. Judgment and appeal.
There is no error. We concur in the view taken of the case by his Honor, and believe the several points made, were correctly decided for the reasons given by him.
In regard to the question of evidence, the witnesses were, in no event, liable for any part of the costs. The action was against the defendant individually, upon a covenant made by him, after the death of the intestate; so, the witnesses had no such "direct legal and certain interest" as rendered them incompetent.
PER CURIAM. Judgment affirmed.